UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

KENNETH LARKIN,                      )
                                     )
        Plaintiff                    )
                                     )  **Case No.:**
    v.                               )
                                     )  **COMPLAINT AND DEMAND FOR**
PORTFOLIO RECOVERY                   )  **JURY TRIAL**
ASSOCIATES, LLC, a wholly-owned      )
subsidiary of PORTFOLIO              )  **(Unlawful Debt Collection Practices)**
RECOVERY ASSOCIATES, INC.,           )
                                     )
        Defendant                    )

# COMPLAINT

KENNETH LARKIN ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against PORTFOLIO RECOVERY ASSOCIATES, LLC, a wholly-owned subsidiary of PORTFOLIO RECOVERY ASSOCIATES, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate

1

United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of New Hampshire and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Hudson, New Hampshire 03051.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S. § 1692a(3).

7. Plaintiff is a "person" with standing to bring this suit pursuant to 15 U.S.C. §1692k(a).

8. Defendant is a limited liability company with its headquarters located at 140 Corporate Boulevard, Norfolk, Virginia, 23502.

9. Defendant is a "debt collector" as that term is defined by 15 U.S. § 1692a(6) and repeatedly contacted Plaintiff in an attempt to collect a debt.

10. At all times material hereto, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), and attempted to collect a "debt" as defined by 15 U.S.C. § 1692a(5).

11. Portfolio Recovery Associates, Inc., through its wholly-owned subsidiary, Portfolio Recovery Associates, LLC, purchases, manages and collects debts.

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13. At all pertinent times hereto, Defendant was hired to collect a consumer debt from Plaintiff

14. Defendant regularly collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone and/or internet.

15. The alleged debt Defendant was seeking to collect, a personal credit card issued by Providian National Bank/Chase Bank USA N.A., arose out of transactions that were primarily for personal, family, or household purposes.

16. Beginning in or before August 2014, and continuing through January 2015, Defendant repeatedly contacted Plaintiff in connection with the collection of a debt.

17. In addition to sending letters, Defendant made repeated calls to Plaintiff on his cellular telephone.

18. Beginning in or around November 2014, Defendant contacted Plaintiff on his cellular telephone, on average, two (2) to three (3) times a day.

19. On more than one occasion, Plaintiff spoke to Defendant to tell Defendant to stop calling him, as he was getting in trouble at work as a result of Defendant's repetitive calls.

20. Defendant, however, never updated its records to cease calling Plaintiff on his cellular telephone; rather, it persisted in calling Plaintiff on his cellular telephone knowing that he did not want to be called.

21. Once Defendant was notified to stop calling Plaintiff on his cellular telephone, its continued calls to his cellular telephone were made with the intent to harass him.

22. Further, Plaintiff told Defendant that the debt it was attempting to collect is not his debt and to send him proof showing that it belongs to him.

23. Defendant, however, failed to provide Plaintiff with documentation regarding the debt; rather, it sent him a form letter simply listing an account number, name, last four digits of a social security number, the date the account was opened, and balance at date of purchase.

24. Defendant did not provide Plaintiff with any documentation from the original creditor so that he could determine whether this debt was his, as Defendant alleged.

25. Finally, Defendant reported the alleged debt on his credit report but did not disclose that the debt was disputed.

## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

## COUNT I

26. Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692d and 1692d(5).

    a. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

    b. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

    c. Here, Defendant violated §§ 1692d and 1692d(5) of the FDCPA when it failed to stop calling Plaintiff after being told to stop calling and by calling him one (1) to two (2) times a day.

...
...
...
...
...

## COUNT II

27. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692e, 1692e(8) and 1692e(10).

    a. A debt collector violates § 1692e of the FDCPA by using false, deceptive or misleading representations or means in connection with the collection of any debt.

    b. A debt collector violates § 1692e(8) of the FDCPA by threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

    c. Section 1692e(10) of the FDCPA prohibits debt collectors from using any false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

    d. Here, Defendant violated §§ 1692e, 1692e(8), and 1692e(10) of the FDCPA by reporting the debt to the credit reporting bureaus, but failing to report that the debt was disputed.

## COUNT III

28. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692f.

    a. A debt collector violates § 1692f of the FDCPA by using any unfair or unconscionable means to collect or attempt to collect any debt.

    b. Here, Defendant violated § 1692f of the FDCPA by failing to update its records to restrict calls to Plaintiff's cellular telephone after being told to stop calling as well as failing to provide Plaintiff documentation from the creditor regarding the underlying debt.

WHEREFORE, Plaintiff, KENNETH LARKIN, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d.      Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, KENNETH LARKIN, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

*/s/ Angela K. Troccoli*_____
Angela K. Troccoli, Esquire, #18539
Kimmel & Silverman, P.C.
*The New England Office*
136 Main Street, Suite 301
Danielson, CT 06239
(860) 866-4380
atroccoli@creditlaw.com

DATED: 08-28-15